ELECTRONICALLY FILED
2018 Sep 05 PM 4:18
CLERK OF THE LEAVENWORTH COUNTY DISTRICT COURT
CASE NUMBER: 2018-CV-000246

IN THE DISTRICT COURT OF LEAVENWORTH COUNTY, KANSAS

KELSEY FISHER,

    Plaintiff,

vs.

                                          Case No. _____
                                          Court No._____

BASEHOR-LINWOOD
UNIFIED SCHOOL DISTRICT NO. 458,

    Defendant.

## PETITION FOR DAMAGES

Plaintiff Kelsey Fisher ("Fisher"), for her Petition against defendant Basehor-Linwood Unified School District No. 458 ("USD 458"), states and alleges as follows:

1. Plaintiff Fisher is an individual and resident of DeSoto, Kansas.

2. Defendant USD 458 is a public school district located in Leavenworth County, Kansas.

3. Jurisdiction and venue are properly placed inasmuch as all transactions relevant to this action arose in Leavenworth County, Kansas.

4. This court possesses subject matter jurisdiction over the matters at issue herein, inasmuch as plaintiff Fisher has been issued a Notice of Right to Sue dated July 17, 2018 as to her underlying Charge of Discrimination before the Equal Employment Opportunity

Commission, as now issued to her by the United States Department of Justice with and on behalf of the Equal Employment Opportunity Commission.

## FACTUAL BACKGROUND

5. Plaintiff Fisher was previously employed by defendant USD 458 for over two years with her most recent position being that of a Family and Consumer Sciences educator.

6. During the course of plaintiff's employment with defendant, plaintiff performed her assigned work in a successful and competent manner on behalf of defendant.

7. Plaintiff Fisher suffered from one or more disabling conditions inclusive of post-traumatic stress disorder and/or related stress/anxiety conditions during the course of her employment with defendant, which conditions were known to defendant USD 458 at all times relevant to the matters at issue in this action.

## COUNT I: DISABILITY DISCRIMINATION IN VIOLATION OF 42 U.S.C. 12101 et seq.

8. Plaintiff incorporates all of the foregoing allegations, and further states as follows.

9. Plaintiff served defendant USD 458 as the Family and Consumer Sciences Educator at Basehor-Linwood Middle School, in a highly appropriate and productive manner for over two years, until her involuntary termination from employment with USD 458 in March, 2018.

10. Plaintiff Fisher successfully performed her duties at a satisfactory level throughout the duration of her active employment with defendant at USD 458.

11. During the course of her employment with defendant USD 458, plaintiff Fisher possessed one or more disability conditions, including post-traumatic stress disorder and/or related stress/anxiety conditions which substantially impaired one or more of her major life

activities inclusive of her life activities of thinking, concentration, mental processing and sleeping.

12. As such, plaintiff Fisher was a person protected at all times relevant herein by the Americans with Disabilities Act, 42 U.S.C. 12101 et seq. ("the ADA").

13. Plaintiff Fisher's school Principal and immediate supervisor, Amy Garver, was aware of plaintiff Fisher's disabling conditions.

14. Amy Garver, acting for and on behalf of defendant USD 458, on one or more occasions violated the medical and emotional privacy of plaintiff Fisher in connection with her disabling conditions by injecting herself directly into plaintiff Fisher's consultative and/or treatment processes with one or more of her treating health care professionals.

15. Plaintiff's supervisor Amy Garver, and/or other managerial or Human Resources employees of defendant, wrongfully disclosed information concerning plaintiff Fisher's disabling condition to co-workers, breaching her medical privacy rights and protections.

16. Plaintiff was further forced to take a Leave of Absence commencing in early 2018.

17. After properly and lawfully registering her concerns as to her course of treatment violative of the ADA, plaintiff was involuntarily discharged from her employment with defendant in March, 2018.

18. As a result of the foregoing, plaintiff was the victim of unlawful treatment by defendant USD 458 in violation of her rights under the ADA.

19. The actions of defendant as set forth in the preceding paragraphs were unlawful violations of plaintiff's rights to be free of unlawful disability discrimination as prohibited by the ADA.

20. As a direct and proximate result of plaintiff's unlawful treatment by defendant, as referenced above, plaintiff Fisher has incurred actual and compensatory damages in a total amount exceeding $75,000.00.

21. Plaintiff is further entitled to an award of punitive damages in an amount exceeding $75,000 due to the malicious and/or reckless conduct of defendant.

22. Plaintiff further is entitled to an award of prejudgment interest arising from defendant's unlawful actions, together with her attorney's fees and expenses.

WHEREFORE, plaintiff Fisher prays for the Court's order against defendant USD 458 granting her judgment as against defendant USD 458 for her actual and compensatory damages in an amount exceeding $75,000.00, for punitive damages in an amount exceeding $75,000.00, for prejudgment interest, for her attorney's fees and expenses, together with such other relief as the Court deems proper.

### COUNT II: RETALIATION IN VIOLATION OF 42 U.S.C. 12101 et seq.

23. Plaintiff incorporates all of the foregoing allegations, and further states as follows.

24. Plaintiff served defendant USD 458 as the Family and Consumer Sciences Educator at Basehor-Linwood Middle School, in a highly appropriate and productive manner for over two years, until her involuntary termination from employment with USD 458 in March, 2018.

25. Plaintiff Fisher successfully performed her duties at a satisfactory level throughout the duration of her active employment with defendant at USD 458.

26. During the course of her employment with defendant USD 458, plaintiff Fisher possessed one or more disability conditions, including post-traumatic stress disorder and/or related stress/anxiety conditions which substantially impaired one or more of her major life activities inclusive of her life activities of thinking, concentration, mental processing and sleeping.

27. Plaintiff Fisher's school Principal and immediate supervisor, Amy Garver, was aware of plaintiff Fisher's disabling conditions.

28. Amy Garver, acting for and on behalf of defendant USD 458, on one or more occasions violated the medical and emotional privacy of plaintiff Fisher in connection with her disabling conditions by injecting herself directly into plaintiff Fisher's consultative and/or treatment processes with one or more of her treating health care professionals.

29. Plaintiff's supervisor Amy Garver, and/or other managerial or Human Resources employees of defendant, wrongfully disclosed information concerning plaintiff Fisher's disabling condition to co-workers, breaching her medical privacy rights and protections.

30. Plaintiff was further forced to take a Leave of Absence commencing in early 2018.

31. After properly and lawfully registering her concerns as to her course of treatment violative of the ADA to both USD 458 officials and the Equal Employment Opportunity Commission, plaintiff was involuntarily discharged from her employment with defendant in March, 2018 in retaliation for the same and, more generally, for seeking recognition of her rights under the ADA.

32. As a result of the foregoing, plaintiff was the victim of unlawful treatment by defendant USD 458 in violation of her rights under the ADA.

33. The actions of defendant as set forth in the preceding paragraphs were unlawful violations of plaintiff's rights to be free of unlawful disability-based retaliation as prohibited by the ADA, 42 U.S.C. 12101 et seq.

34. As a direct and proximate result of plaintiff's unlawful treatment by defendant, as referenced above, plaintiff Fisher has incurred actual and compensatory damages in a total amount exceeding $75,000.00.

35. Plaintiff is further entitled to an award of punitive damages in an amount exceeding $75,000 due to the malicious and/or reckless conduct of defendant.

36. Plaintiff further is entitled to an award of prejudgment interest arising from defendant's unlawful actions, together with her attorney's fees and expenses.

WHEREFORE, plaintiff Fisher prays for the Court's order against defendant USD 458 granting her judgment as against defendant USD 458 for her actual and compensatory damages in an amount exceeding $75,000.00, for punitive damages in an amount exceeding $75,000.00, for prejudgment interest, for her attorney's fees and expenses, together with such other relief as the Court deems proper.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.

Respectfully Submitted,

LAW OFFICES OF ALBERT F. KUHL

/s/ Albert F. Kuhl

Albert F. Kuhl    KS #12478
15700 College Blvd., Suite 200
Lenexa, KS 66219
Tel. 913.438.2760
Fax: 913.327.8492
Email: Al@KCjoblawyer.com
ATTORNEY FOR PLAINTIFF